PEDRO MIRANDA GONZÁLEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 676.   Argued December 2, 1929.—Decided December 17, 1930.

*J. Henri Brown, C. Ruiz Nazario* and *G. E. González* for petitioner. *Juan B. Soto* for intervener.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Ramón Lloveras Soler leased a theater to Francisco Rodríguez on condition that the latter should furnish security for the performance of his contract to the amount of $2,500, in the form of an insurance company bond, a cash deposit, or a mortgage bond.

An instrument entitled "Mortgage Bond" subsequently executed by the petitioner herein, after setting forth the condition of the contract of lease, reads in part as follows:

"BOND

"FIRST: PEDRO MIRANDA GONZÁLEZ, in his own right and as attorney in fact of his wife, RAQUEL QUEVEDO Y GÉIGEL, to secure to Mr. LLOVERAS the performance of the contract of lease which this

gentleman has made with Mr. Rodríguez on the cinema theater 'Puerto Rico' delivers by this act and in my presence to Mr. Lloveras, personally, the sum of FIVE HUNDRED DOLLARS, and as attorney in fact of Raquel Quevedo y Géigel, he constitutes a MORTGAGE BOND in favor of the said Ramón Lloveras, for the sum of TWO THOUSAND DOLLARS as principal and the sum of TWO HUNDRED DOLLARS for costs and attorney's fees in case of judicial claim, on the following: . . ."

Subsequently Lloveras brought a suit against Rodríguez for rescission of the contract of lease and for damages. A judgment in favor of Lloveras for damages amounting to $4,500 and costs recited that Rodríguez appeared at the trial, represented by his counsel, and stated that he had assigned his rights under the lease to the Santurce Theater Company, and that he had no interest in the matter. He did not set up any defense and the judgment was based on the evidence introduced by the plaintiff.

Lloveras then instituted a summary foreclosure proceeding. Together with other documents, he attached to his original petition, as exhibits, certified copies of the "Mortgage Bond", of the statement of the case and opinion, and of the judgment.

The district judge, basing his action on those documents, ordered the issuance of a demand for payment (*requerimiento de pago*) which was served on Miranda, defendant in the summary proceeding, and petitioner herein.

Miranda, who was not shown to have had previous notice of the suit brought by Lloveras against Rodríguez, nor of the judgment rendered therein, appeared in the summary foreclosure proceeding and moved for a reconsideration of the order directing the issuance of the demand for payment.

The district judge, in support of his decision denying Miranda's motion, cites articles 170 and 175 of the Regulations for the Execution of the Mortgage Law, and the cases of *Jiménez* v. *Brenes,* 10 P.R.R. 124; *American Trading Co.* v. *Monserrat,* 18 P.R.R. 268, and *Blondet* v. *Benítez,* 33 P.R. R. 394.

Articles 170 and 175 of the Regulations read in part as follows:

"Articles 170.—The judge shall examine the petition and the documents supporting it, and if he shall hold that the requirements of the law have been complied with, he shall make an order, without further proceedings, summoning the persons who, according to the certificate of the registrar, are in possession of the mortgaged property, whether it is in the hands of the debtor, or whether it has been transferred to a third person in whole or in part, in order that they may make payment of the amount claimed, within a period of 30 days, with the costs, if the latter should also be secured by the mortgage; warning them that upon their failure to do so the property mortgaged will be sold at auction.

"If the judge should hold that such requirements have not been complied with, he shall also make an order denying the petition, such order being appealable in this case. . . ."

"Article 175.—The summory proceedings referred to in this section can not be suspended by incidental issues or any other inssues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, excepting in the following cases: . . ."

The English translation of article 175 is incorrect. The words *or any other issues raised by the debtor* should read *or any other proceeding at the instance of the debtor.*

Obviously the order which a judge must enter as provided by article 170, if he finds that the provisions of the law have not been complied with, is not an incidental issue nor another proceeding within the meaning of article 175. The nature of the preliminary jurisdictional question is the same whether such question is determined after a casual reading of the petition and exhibits or after a reconsideration of a previous order and reëxamination of the documents submitted. Nor can the nature of that question be affected by the fact that a reconsideration has been asked by a party to the proceeding. It is a question which must be decided by the district judge, and an order, setting aside a previous order for the issuance of a summons or demand for payment, and dismissing the

petition, is no more an interruption of the summary fore-closure proceeding than would have been an order dismissing such a petition immediately after it was filed.

In *Llompart et al.* v. *Dist. Judge of Humacao,* 28 P.R.R. 211, 213, this court held that an order entered on motion of the defendant in a summary foreclosure proceeding vacating a previous order which directed the issuance of a demand for payment "is equivalent to an order which would have originally denied the issue of process." If after directing the issuance of the demand for payment the district judge should discover, upon a further examination of the documents filed with the petition, that the mortgage had been cancelled in the registry of property or that the mortgagee had granted an extension, it could hardly be contended that an order vacating the previous order regarding the issuance of a demand for payment would come within the prohibition con-tained in article 175. The court does not exhaust its powers in ordering the issuance of the demand for payment nor does it lose all control over the proceeding, but, upon discovering any jurisdictional defect which is apparent on the face of the petition or of the documents attached thereto, it may vacate its original order, either of its own initiative or at the instance of one of the parties to the proceeding.

The cases cited by the district judge are not in point, and the grounds on which the motion of the defendant was denied are untenable.

Whether or not, in executing the mortgage bond, Miranda assumed a personal obligation is a question of intention and depends upon the construction of that instrument. It is a question which need not be decided now. In any event, the sum specified in the instrument is neither a penalty nor liquidated damages. The existence of the lien is conditioned by necessary implication upon the nonperformance by Ro-dríguez of his personal obligation. If Rodríguez himself had executed such an instrument, binding his own property to secure the performance on his part of his contract with

Lloveras, the establishment of two facts would have been an indispensable prerequisite to the institution of the summary foreclosure proceeding. The lien thus created could not have been foreclosed until it had been shown that Rodríguez had violated his contract and until it had been shown that the amount due under such contract or the damages for a breach thereof had been determined. Nor could the extent of his liability have been determined, either by the averments of the petition in the summary foreclosure proceeding nor by virtue of any judicial proceedings of which no notice had been served on Rodríguez. There is no reason why the same right should be denied to the defendant herein.

It may be conceded, without holding, that Miranda was not a necessary party to the action against Rodríguez. The point is that the amount for which Miranda's property is liable for the obligation of Rodríguez or for the damages resulting from the breach by Rodríguez of such an obligation, can not be determined in a suit of which Miranda had no notice; and until the extent of such liability has been fixed, the property of Miranda can not be attached and sold in a summary foreclosure proceeding.

The order of the district court, denying defendant's motion for reconsideration, must be reversed.